IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PATRICK MEYER,**
**M47701**

      **Plaintiff,**

                                                          Case No. 17-cv-259-MJR

vs.

**SHANE PICA,**

      **Defendant.**

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Patrick Meyer, currently incarcerated in Robinson Correctional Center, brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On July 17, 2017, the Court dismissed Plaintiff's Original Complaint without prejudice and with leave to amend. (Doc. 11). Plaintiff filed an Amended Complaint on August 17, 2017. (Doc. 12). According to the Amended Complaint, Defendant Pica, a correctional officer has been verbally harassing and making fun of Plaintiff. Plaintiff contends the officer's conduct is causing mental anguish and seeks monetary relief.

This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a)     **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b)     **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1)     is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>    (2)    seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Original Complaint

The Original Complaint also alleged that Pica was taunting and verbally harassing Plaintiff. The Court previously summarized Plaintiff's allegations as follows:

> On October 18, 2016, Plaintiff was moved to 2B Wing. (Doc. 1, p. 5). After being moved to this wing, Plaintiff alleges Pica, a correctional officer, began verbally harassing and "making fun" of him. *Id.* Specifically, Plaintiff contends Pica made comments such as: "Oh my feet hurt soo soo much, I can barely walk, oh my ears I can barely hear." *Id.* Pica also made harassing comments regarding Plaintiff's depression. *Id.* Plaintiff feels intimidated by the comments. *Id.* As a result, he often remains in his cell and has requested psychological treatment. In connection with these claims, Plaintiff seeks monetary damages.

(Doc. 11). After reviewing these allegations, the Court dismissed the Complaint because the conduct attributed to Pica did not rise to the level of a constitutional violation. However, the dismissal was without prejudice and with leave to amend.

**Amended Complaint**

According to the Amended Complaint, Plaintiff was moved to 2B wing on October 18, 2017. (Doc. 12, p. 5). After a couple of days, Pica began "making rude and disrespectful comments when [Plaintiff] would go to night medication." *Id.* Specifically, Plaintiff contends Pica made comments such as: "Oh my feet hurt soo soo much, I can barely walk, oh my ears I can barely hear." *Id.* Pica also made harassing comments regarding Plaintiff's depression. *Id.* Plaintiff further alleges that Pica made harassing comments that are detailed in Plaintiff's attached grievances. *Id.* The attached grievances indicate that Pica has "snickered" at Plaintiff and made fun of Plaintiff's depression, eyesight, and feet. Plaintiff contends that Pica's conduct is causing him to feel depressed and has resulted in Plaintiff seeking treatment with the attending psychologist. (Doc. 12, p. 5).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1-** Constitutional claim against Pica for verbally harassing Plaintiff.

The allegations in the Amended Complaint still fail to state a claim against Pica for taunting Plaintiff. "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment" under the Eighth Amendment. *Dobbey v. Ill. Dep't of*

*Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). The "Constitution does not compel guards to address prisoners in a civil tone using polite language." *Antoine v. Uchtman*, 275 F.App'x. 539, 541 (7th Cir. 2008). The Seventh Circuit has held that "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment [under the Eighth Amendment], deprive a prisoner of a protected liberty interest [under the Fourteenth Amendment] or deny a prisoner equal protection of the laws [under the Fourteenth Amendment]." *DeWalt v. Carter* 224 F.3d 607, 612 (7th Cir. 2000) (collecting cases). *But see Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (dismissal of Eighth Amendment claim based on harassment was premature, where plaintiff alleged psychological trauma to the extent of seeking mental health care; harassment was sexual in nature and included physical conduct beyond the verbal harassment; and harassment arguably placed plaintiff at greater danger of assault by other prisoners).

The rude comments and taunting attributed to Pica simply do not rise to the level of a constitutional violation. The fact that Plaintiff has sought counseling in connection with depression he attributes to Pica's comments does not alter the Court's analysis. Plaintiff's request for counseling does not suggest that he experienced the type of severe psychological trauma at issue in *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015). Additionally, the verbal harassment described by Plaintiff does not come close to the type of harassment deemed actionable in *Beal.* Thus, although the conduct described may have been unprofessional and was certainly distressing to Plaintiff, it does not state a constitutional claim.

The action shall therefore be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will not be granted another opportunity to amend his complaint. After reviewing Plaintiff's Amended Complaint, it is evident that the conduct attributed to Pica is not

actionable. Accordingly, granting Plaintiff a second opportunity to amend his complaint would be futile.

## Disposition

**IT IS HEREBY ORDERED** that the action is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted**.** This dismissal shall count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28–day deadline cannot be extended. However, a Rule 60(b)

motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 6, 2017**

**Michael J. Reagan**
**Chief Judge**
**United States District Court**